## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **ANAIS RODRIGUEZ,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. _____ |
| | ) | |
| **NORRIDGE, ILLINOIS  POLICE** | ) | |
| **OFFICERS, PICHARDO, # 27; WATTS,** | ) | **JUDGE:** _____ |
| **108 #; LJUBICIC, #34;** and, **MALICKI, #;** | ) | |
| **VILLAGE OF NORRIDGE, ILLINOIS;** | ) | |
| and, **NILES POLICE OFFICER** | ) | |
| **ALLMON, # 130**; and, **THE VILLAGE OF** | ) | **Magistrate Judge:** _____ |
| **NILES, ILLINOIS,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### COMPLAINT

NOW COMES the Plaintiff, **ANAIS RODRIGUEZ** , by and through her attorney, Mr. James Maher, and for her Complaint against the defendants, **NORRIDGE, ILLINOIS POLICE OFFICERS,  PICHARDO, #27; WATTS, # 108; LJUBICIC, # 34;** and, **MALICKI; THE VILLAGE OF NORRIDGE, ILLINOIS**; and, **NILES, ILLINOIS POLICE OFFICER ALLMON, , # 130;** and, the **VILLAGE OF NILES,  ILLINOIS,** states and alleges as follows:

### INTRODUCTION

1.  This is an action brought by the plaintiff as against individual officers of the Norridge and Niles, Illinois Police Departments to redress the violation of her constitutional rights pursuant to *42 U.S.C. 1983* and *1988*; pursuant to the Fourth and Fourteenth Amendments to the United States Constitution; and, pursuant to the laws of the State of Illinois in connection with the multiple false arrests, and false imprisonment of the Plaintiff, the malicious prosecution of the Plaintiff; and, the conversion of her personal property on or about July 14-15, 2020.

## JURISDICTION AND VENUE

2. This Court has subject matter Jurisdiction over Plaintiff's Federal claims pursuant to *42 U.S.C. 1983* and *1988*; and, *28 U.S.C. 1331* and *1343(a)*. This court has subject matter jurisdiction over the state and municipal law claims pursuant to the pendent jurisdiction of this court to entertain state law claims pursuant to *28 U.S.C. 1367(a)*. Venue is proper in this District because all of the conduct complained of occurred in Norridge and in Niles, Illinois, and within this District.

## THE PARTIES

3. Plaintiff, **ANAIS RODRIGUEZ ,** is a female, a United States citizen, and a resident of the State of Illinois.

4. The Defendant, Norridge, Illinois Police Officers are sued in their individual capacities. At all relevant times, the individual defendants, Officers PICHARDO, WATTS, LJUBICIC, and MALICKI were all sworn police officers employed full time with the Village of Norridge, Department of Police.

5. The Village of Norridge, Illinois is a Municipal Corporation which at all relevant times was the employer and principal of the defendant Officers.

6. The Defendant Niles, Illinois Police Officer ALLMON is sued in his individual capacity. At all relevant times, Officer Allmon was a sworn police officer employed full time with the Village of Niles, Department of Police.

7. The Village of Niles, Illinois is a Municipal Corporation which at all relevant times was the employer and principal of the defendant Officer Allmon.

8. At all relevant times, Officers PICHARDO, WATTS, LJUBICIC, and MALICKI acted under *color of State law* pursuant to powers granted to them pursuant to the regulations,

2.

rules, and orders of the Village of Norridge Police Department.

9. At all relevant times, Officer ALLMON acted under *color of State law* pursuant to powers granted to him pursuant to the regulations, rules, and orders of the Village of Niles Police Department.

10. All of the individual defendant Officers engaged in all of the conduct complained of in the course and scope of their employment.

## FACTUAL ALLEGATIONS

11. Between on or about July 2, 10, 11, 14, 2020 and July 15, 2020, or at other times best known to them, the defendants, Officers Pichardo and Watts of the Norridge Police Department were investigating a series of burglaries that occurred in early July, 2020 to mailboxes at or near the Cascades Condominium Complex, located at 8540-8580 West Foster Avenue in Norridge Illinois.

12. The suspect in the investigation was a man named Brian Nanthavinh. The investigation had nothing to do with the plaintiff, or with a Hertz Rental car, a 2020 Nissan Murano, registration number EF3V6F.

13. The defendants had no reasonable grounds or probable cause to believe that the plaintiff was involved in any illegal activity, and no reason to believe a Hertz Rental car, a 2020 Nissan Murano, registration number EF3V6F 020 was involved.

14. On or about July 14, 2020, the defendants Pichardo and Watts were conducting a surveillance of the Cascades Condominium Complex.

15. After observing Mr. Brian Nanthavinh, via a camera recording device, prying open mailboxes with a long screwdriver, the defendants, Pichardo and Watts arrested Mr. Brian Nanthanvinh immediately after he exited the front doors of the Cascades Complex building

located at 8560 W. Foster in Norridge.

16. On or about July 8, 2020, the plaintiff rented a 2020 Nissan Murano, registration number EF3V6F from Hertz Rental Car Company. The plaintiff was in lawful possession of the vehicle pursuant to a contract with Hertz on July 14, 2020.

17. On or about July 14, 2020, the plaintiff was parked in the above referenced Hertz Rental car in the parking lot of the Cascades Condominium Complex located in Norridge, Illinois when she was approached by the defendants, Pichardo and Watts.

18. Prior to approaching the plaintiff as she was sitting in the Hertz Rental car, the police had no warrant to arrest the plaintiff, and no reasonable suspicion or probable cause to believe that the plaintiff had committed or was about to commit any criminal or traffic offenses.

19. With Mr. Nanthavinh already under arrest and in custody, the Norridge Police Department defendants, Pichardo and Watts, devised a scheme to unlawfully stop, detain, seize, arrest and interrogate the plaintiff, and to take unlawful control over the 2020 Nissan Murano rental vehicle in her custody, in order to gather evidence to be used against Mr. Brian Nanthavinh.

20. The Norridge Police defendants Pichardo and Watts devised a scheme to unlawfully seize and take control over the 2020 Nissan Murano rental vehicle which was in the custody of the plaintiff in order to gather evidence to be used against Mr. Brian Nanthavinh. The defendants falsely told the plaintiff that her right to lease the vehicle from Hertz had expired and that they would need to confiscate the vehicle.

21. At the time the defendants, Pichardo and Watts, told the plaintiff that her right to possess the rental vehicle had expired, they knew the statement was false, or they had no reasonable belief that it was true.

4.

22. When the plaintiff told the defendants that her right to possess the vehicle had not expired, and that she had the consent of Hertz and the right to possess the vehicle, the defendants ignored her claims, they made no investigation into her right to possess the vehicle, and they seized the vehicle without the consent of the plaintiff.

23. The defendants Pichardo and Watts subsequently took steps to have the vehicle towed without the plaintiff's consent to a garage controlled by them located at 4348 Ottawa Avenue in Norridge.

24. After arresting Mr. Brian Nanthavinh, the defendants Pichardo and Watts immediately began questioning him about various break-ins to mailboxes at the Cascades Complex on or around July 2, 7, 10, and 11, 2020. After making several incriminating statements against himself, Mr. Nanthavinh told the defendants that the plaintiff did not know anything and was **not** involved in anything he had been doing.

25. After having already arrested Mr. Nanthavinh, and after already seizing unlawful control over the Hertz Rental Car, the defendants Pichardo and Watts then physically took the plaintiff into custody and transported her to an interview room inside the Norridge Police Department. The plaintiff reasonably believed that she was under arrest and not free to leave.

26. The defendants Pichardo and Watts then began to interrogate the plaintiff for approximately four (4) hours involving her knowledge of the activities of Mr. Nanthavinh and about her alleged involvement in any burglaries. The defendants failed and refused to tell the plaintiff why she was arrested. Although the plaintiff repeatedly denied any knowledge of Mr. Nanthavinh's activities, or of her involvement in any burglaries or other criminal activities, the defendants Pichardo and Watts failed and refused to release the plaintiff.

27. Eventually, the plaintiff demanded to be formally charged or released, and the

5,

defendants Pichardo and Watts agreed to release her.

28. After being told by the defendants Pichardo and Watts that she was free to leave, the Plaintiff left the Norridge Police Department and began walking away on foot. The plaintiff left the grounds of the Norridge Police Department and walked to a nearby 7-Eleven store.

29. Shortly after her arrival at the 7-Eleven food store, the plaintiff received a phone call from the defendant Watts who asked the plaintiff if she wanted to retrieve her personal property taken from her person and from inside the Hertz rental vehicle.

30. Shortly after receiving the phone call from the defendant Watts, the plaintiff obtained a ride from a friend of hers back to the Norridge Police Department.

31. When the plaintiff arrived back at the Norridge Police Department, she was immediately confronted by the defendant Pichardo who directed the defendant, Officer Malicki, to arrest the plaintiff in the lobby of the police station. After she was arrested and handcuffed, the plaintiff asked the defendants if the offer to allow her to recover her personal property was just a "set-up" to get her to come back to the station to be arrested, and the defendant Pichardo stated that it was. The plaintiff reasonably believed that she was under arrest and not free to leave.

32. At the time of this second arrest by the Norridge Police defendants, the Plaintiff was told by the defendant Pichardo that she was being arrested due to an outstanding arrest warrant from the Niles Police Department.

33. At the time the defendant Pichardo made the statement, he knew that there was no active arrest warrant for the plaintiff, or alternatively he had no reasonable grounds to believe this was true.

34. In truth and in fact, a prior warrant for the arrest of the plaintiff was quashed and

6.

recalled and all charges against the plaintiff arising from the warrant on a separate independent and unrelated charge had been previously dismissed on or about June 17, 2020 in *Case No. 2020-0092501*.

35. After the second arrest by the Norridge Police defendants, the plaintiff was handcuffed to a heavy metal bench, and was left alone to sit for approximately four more hours.

36. The plaintiff was later notified by the Norridge police defendants that she was being transferred to the Niles Police Department to be arrested yet again on the alleged outstanding warrant.

37. The defendants Pichardo and Watts then instructed the defendant, Norridge Officer Malicki to formally take the plaintiff to the Niles Police Department to be arrested by them on the fictitious warrant.

38. Subsequently, on or about the morning of July 15, 2020, the plaintiff was transported by the Norridge Police to the Niles, Illinois Police Department.

39. Upon her arrival at the Niles Police Department, the plaintiff was arrested again; this time by the defendant Officer Allmon, # 130 of the Niles Police Department. The plaintiff reasonably believed that she was under arrest and not free to leave.

40. Prior to arresting the plaintiff, the defendant Officer Allmon had no warrant to arrest the plaintiff, and no reasonable suspicion or probable cause to believe that the plaintiff had committed or was about to commit any criminal or traffic offenses whatsoever.

41. The defendant Officer Allmon failed and refused at all times to tell the plaintiff why she was being arrested by the Niles Police. The Niles Police Department placed the plaintiff into a holding cell where the plaintiff was compelled to sit alone for about two more hours.

42. After sitting in custody at the Niles Police Department for about two more hours, the

7.

plaintiff was processed and charged by the Niles Police Department with an unknown fictitious offense.

43. The plaintiff was required to pay a cash bond with the Niles Police Department before they would release her in the sum of approximately $ 300.

44. Upon information and belief, the Niles Police Department believed they were arresting the plaintiff pursuant to an alleged outstanding warrant from *Case Number 2020-0092501*, but made no attempts whatsoever to determine if the warrant was still active. In truth and in fact, a prior warrant for the arrest of the plaintiff was quashed and recalled and all charges against the plaintiff arising from that warrant had been previously dismissed on or about June 17, 2020 in *Case No. 2020-0092501*.

45. Prior to being released by the Niles Police, the plaintiff was issued a Court date to appear in a Skokie Criminal Court Room on or about August 21, 2020.

46. On or about August 21, 2020, any or all charges were dismissed against the plaintiff.

47. On or about July 15, 2020, the defendant, Norridge Police Officer Zeljka Ljubicic, # 34 appeared before a Judge in the Circuit Court of Cook County, Illinois for the unlawful purpose of obtaining a search warrant to search the Hertz rental car, a black 2020 Nissan Murano with Missouri plate # EF3V6F.

48. The defendant, Officer Ljubicic made false statements both in writing and orally in a Complaint for a Search Warrant to the Court claiming that "evidence of ownership and possession of the Nissan Murano, and forensic evidence to support the allegation of burglary could be found inside" the Nissan Murano.

49. In truth and in fact, the defendant, Officer Ljubicic had no reasonable grounds and no probable cause to believe that the plaintiff herself was involved in any burglaries or in any other

illegal activities.

50.  In truth and in fact, the defendant Ljubicic had no reasonable grounds and no probable cause to believe that the Nissan Murano leased to the plaintiff was involved in any of the alleged unlawful activities of Mr. Brian Nanthavinh or of the plaintiff.

51.  At the time the defendant Ljubicic made the above statements and signed the Complaint for Search Warrant form, he knew he had no reasonable grounds and no probable cause linking any criminal activity of Mr. Brian Nanthavinh to the vehicle.

52.  As a result of her arrest and the seizure of the Hertz rental vehicle, numerous items of the plaintiff's personal property were unlawfully seized by the Norridge police defendants including, a lap-top computer; 3 Visa cards, one Master card, one Apple I-phone, one TCL cell phone, one Amazon I-Pad computer tablet, plaintiff's Florida drivers license, her Illinois identification card; and, her Chicago library card.

53.  At no time did the Norridge Police Department ever return any of the plaintiff's personal property that was confiscated from her person or from the rental car.

54.  As a result of the unlawful seizure of the Hertz Rental Car by the Norridge Police Department, Hertz charged the plaintiff a sum in excess of $ 4, 594. for so called "impound and storage charges." caused by the unlawful seizure of the vehicle by the Norridge police defendants.

55.  The above actions of the Norridge and Niles police officer defendants were all done with malice as against the plaintiff, a person who they knew or should have known was innocent of any criminal wrongdoing.

## COUNT I- FALSE ARREST
### (Officers PICHARDO, WATTS, LJUBICIC, and MALICKI )

56.  At all relevant times, the defendants, PICHARDO WATTS, LJUBICIC, and

MALICKI acted *under color of state law* pursuant to powers granted to them as sworn police officers with the Village of Norridge.

57. The defendants, PICHARDO, WATTS, LJUBICIC and MALICKI arrested the plaintiff without probable cause and without lawful justification in violation of Plaintiff's constitutional rights to liberty and due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

58. As a direct result of the unconstitutional conduct of the defendants, PICHARDO, WATTS, LJUBICIC and MALICKI, the plaintiff suffered the loss of her personal liberty along with great emotional distress, and she was greatly harmed and damaged.

59. The conduct of the above defendants was performed with malice and in intentional and knowing violation of Plaintiff's civil rights by reason of which plaintiff is entitled to exemplary/punitive damages.

60. As a direct and proximate consequence of said conduct of the above defendants, the plaintiff suffered violations of her Constitutional rights, emotional anxiety, fear and humiliation, property losses, attorney fees and other monetary losses.

**WHEREFORE**, Plaintiff demands substantial compensatory damages, punitive damages, court costs, and attorney fees pursuant to *42 U.S.C. 1988* against the defendants.

### COUNT II- FALSE ARREST
### (Officer ALLMON )

1-55  The Plaintiff hereby re-alleges paragraphs 1-55 of Count I as the allegations of this Count II, as though fully set forth herein.

56. At all relevant times, the defendant Officer ALLMON acted *under color of state law* pursuant to powers granted to him as sworn police officer with the Village of Niles.

57. The defendant, ALLMON, arrested the plaintiff without probable cause and without lawful justification in violation of Plaintiff's constitutional rights to liberty and due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

58. As a direct result of the unconstitutional conduct of the defendant, Niles Police Officer ALLMON, the plaintiff suffered the loss of her personal liberty along with great emotional distress, and she was greatly harmed and damaged.

59. The conduct of the above defendant was performed with malice and in intentional and knowing violation of Plaintiff's civil rights by reason of which plaintiff is entitled to exemplary/punitive damages.

60. As a direct and proximate consequence of said conduct of the above defendant, the plaintiff suffered violations of her Constitutional rights, emotional anxiety, fear and humiliation, property losses, the prospect of a false criminal prosecution, attorney fees and other monetary losses.

**WHEREFORE**, Plaintiff demands substantial compensatory damages, punitive damages, court costs, and attorney fees pursuant to *42 U.S.C. 1988* against the defendant.

### COUNT III- CONSPIRACY
**(Officers PICHARDO, WATTS, LJUBICIC, MALICKI, and ALLMON )**

1-55  ·The Plaintiff hereby re-alleges paragraphs 1 -55 of Counts I and II as his allegations of this Count III as though fully set forth herein.

56. The defendants PICHARDO, WATTS, LJUBICIC, MALICKI, and ALLMON all conspired to deprive the Plaintiff of her Constitutional rights.

57. Plaintiff did nothing to justify her stop, detention, seizure, interrogation and arrest by the above defendants or to justify the seizure of the Hertz rental car.

58. With knowledge that their conduct was unlawful, the above defendants all conspired

and agreed amongst themselves to conceal and to cover up their unlawful conduct by arresting the plaintiff on a warrant that did not exist and based upon criminal charges that did not exist or which were previously dismissed.

59. The defendant LJUBICIC signed a written complaint for a search warrant which he knew to be false and appeared before a Judge in the Circuit Court of Cook County, Illinois for the unlawful purpose of obtaining a search warrant to search the Hertz rental car and to seize the plaintiffs property, when he knew that he had no reasonable grounds and no probable cause to believe that the plaintiff herself was involved in any burglaries or in any other illegal activities or that the Hertz vehicle was involved in any of the activities of Mr. Nanthavinh.

60. Defendants were willful participants in a joint agreement to violate the plaintiff's rights.

61. The actions of the defendants were intentional, willful, and wanton.

62. As a direct and proximate consequence of said conduct of the defendants, the plaintiff suffered violations of her Constitutional rights, emotional anxiety, fear and humiliation, property losses, the prospect of a false criminal prosecution, attorney fees and other monetary losses.

**WHEREFORE**, Plaintiff demands substantial compensatory damages, punitive damages, court costs, and attorney fees pursuant to *42 U.S.C. 1988* against the defendants

### COUNT IV
### Common Law False Imprisonment
### (Officers PICHARDO, WATTS, LJUBICIC, MALICKI, and ALLMON )

1-55. Plaintiff re-alleges paragraphs 1-55 of Counts I-III as paragraphs 1-55 of this Count IV as though fully set forth herein.

56. The intentional conduct of these defendants constituted a false imprisonment of the plaintiff which was not privileged or reasonable and was otherwise unlawful.

**WHEREFORE,** the Plaintiff prays for judgment in his favor and against the above defendants for a reasonable amount in compensatory damages, punitive damages, and court costs.

## COUNT V
### Common Law Malicious Prosecution
### (Officer ALLMON)

1-55 Plaintiff re-alleges paragraphs 1-55 of Counts I-IV as paragraphs 1-55 of this Count V as though fully set forth herein.

56. As a result of the conduct of the defendant ALLMON. the Plaintiff was subjected to judicial proceedings, namely, her arrest on a fictitious arrest warrant that did not exist, and based upon criminal charges that did not exist or which were previously dismissed.

57. The above listed defendant instituted and continued the proceedings falsely and with malice.

58. The proceedings were dismissed on or about August 21, 2020 and terminated in plaintiff's favor in a manner consistent with her innocence.

**WHEREFORE,** the Plaintiff prays for judgment in his favor and against the defendant ALLMON for a reasonable amount in compensatory damages, punitive damages, and court costs.

## COUNT VI
### Statutory Indemnification-*745 ILCS 10/9-102*
### (Villages of NORRIDGE and NILES)

1-55. Plaintiff re-alleges paragraphs 1-55 of Counts I-V as paragraphs 1-55 of this Count VI as though fully set forth herein.

56. *745 ILCS 10/9-102(2020)* provides as follows:

> A local public entity is empowered and directed to pay any
> tort judgment or settlement for compensatory damages
> for which it or an employee while acting within the scope

of his employment is liable.
*745 ILCS 10/9-102(2020)*

57. Upon information and belief, the Villages of Norridge and Niles, Illinois is or was the employer of the individual defendant Officers at all relevant times. At all times, the defendant officers acted under *color of state law* and within the scope of their employment as Village of Norridge and Niles police officers.

**WHEREFORE**, Plaintiff demands that in the event the defendant officers are found liable on any of the claims set forth as against them that judgment be entered against the Village of Norridge and Niles for any compensatory damages, court costs, and attorney fees awarded as against any officers found liable under the legal theory of statutory indemnity.

## JURY DEMAND

The Plaintiff, hereby requests a trial by jury.

Respectfully submitted,

**ANAIS RODRIGUEZ,** plaintiff
s/ James Maher

s/ James Maher
7257 West Touhy Avenue
Suite 206
Chicago, Illinois 60631
(773) 594-6482
*Jamesmaher3@yahoo.com*
ARDC # 6189664,
Attorney for Plaintiff.

14.